Jackie JORDAN, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

Sept. 5, 1985.

Rehearing Denied Feb. 27, 1986.

Paul Isaacs, Public Advocate, Larry H. Marshall, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., W. Bruce Cowden, Jr., Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant was tried in the Shelby Circuit Court under a single indictment charging him with the offenses of first degree escape, first degree burglary, first degree robbery, first degree unlawful imprisonment, and theft by unlawful taking. He was also charged as a first degree persistent felony offender. On the day of trial, he entered a plea of guilty to the theft charge and was tried on the remaining substantive charges. The jury found him guilty on all those counts, fixing his punishment at 10 years for escape, 15 years on the burglary, 15 years on the robbery, five years on the imprisonment, and fixed his punishment on the guilty plea of theft at five years.

Appellant and four others escaped from the Shelby County jail on August 28, 1983. Appellant and two of the other escapees, named Tipton and Whitten, then embarked on a spree which resulted in the other charges against the appellant. The evidence concerning the conduct of the parties is undisputed and overwhelming, and it is the application of that evidence to the substantive charges which is questioned on this appeal.

Following their escape, Jordan, Tipton and Whitten went to the home of Ray and Hazel McClain. They broke into the dwelling and armed themselves with a Colt 357 Magnum and a Winfield automatic rifle. Utilizing these weapons, they seized the McClains, bound and blindfolded them, and held them captive for about four hours, during which time they took baths, watched television and talked over their predicament. Deciding to leave, they removed the blindfolds from the McClains, rebound them, and left them on a bed in the home. They then took from the home such items as stereos, television, jewelry, and a tool box. Obtaining the keys to an automobile belonging to the McClains, they loaded the car with the stolen property, including the weapons, and fled.

Mrs. McClain was able to free herself and her husband, reported the crimes to the authorities, and the three felons were seen in Louisville by the police. A chase ensued, during which Whitten was killed and after which Jordan and Tipton were apprehended.

On appeal, Jordan does not attack the escape conviction, but contends that his constitutional guarantee against double jeopardy precludes his conviction for all four of the other substantive offenses under the facts of this case. He further contends that in this case the presented facts did not justify a conviction of first degree false imprisonment.

The argument is incessantly made that where the evidence discloses a continuing course of conduct throughout which the elements of more than one statutory offense are present double jeopardy prevents

prosecution for more than a single offense. In the vast majority of those cases, as here, the grand jury returned a single indictment charging each of those offenses, and a single trial was held thereon. On appeal from the various previous cases, as in this one, we have never been presented with or considered the arguments based upon *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). We find that case is dispositive of the double jeopardy issues herein. We also note that the Fifth Amendment of the United States Constitution and § 13 of the Kentucky Constitution are identical in the import of their prohibition against double jeopardy.

In *Johnson,* the Supreme Court tersely condensed the purpose of the prohibition against double jeopardy, stating:

The Double Jeopardy Clause, of course, affords a defendant three basic protections:

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

In the instant case, we do not have an example of a second prosecution after an acquittal. Also, in spite of an allegation we will subsequently dispose of, we do not have a second prosecution for the same offense after a conviction. The only possible issue to which double jeopardy might attach would be any attempt at multiple punishments for the same crime. In order to make a proper resolution of the applicability of this prohibition, we must examine the statutes and the case law.

■ We first examine KRS 505.020:

**505.020. Prosecution for multiple offenses.**—(1) When a single course of conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense when:

(a) One offense is included in the other, as defined in subsection (2); or

(b) Inconsistent findings of fact are required to establish the commission of the offenses; or

(c) The offense is designed to prohibit a continuing course of conduct and the defendant's course of conduct was uninterrupted by legal process, unless the law expressly provides that specific periods of such conduct constitute separate offenses.

(2) A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a lesser kind of culpability suffices to establish its commission; or

(d) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission.

This statute clearly contemplates that a single course of conduct may result in and establish the commission of more than one offense but prohibits bifurcating a single crime which is established in statutory degrees into additional crimes, as an included offense, and, by import, prohibits multiple punishments. However, such is not the case herein.

The standard test which has long been applied is prescribed in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The commonly quoted section reads:

A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

A less quoted portion of that case is quite descriptive, and at 284 U.S. 302 reads:

The distinction stated by Mr. Wharton is that "when the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all united in swelling a common stream of action, separate indictments lie." Wharton's Criminal Law, 11th ed., § 34. Or, as stated in note 3 to that section, "The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately ... If the latter, there can be but one penalty."

*Blockburger* clearly contemplates that a continuing course of conduct may constitute separate statutory offenses, and does not impose restriction on the legislature to authorize a cumulative punishment for such offenses. *Cf. Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

■ Appellant contends that the crime of burglary, under KRS 511.020, and robbery, under KRS 515.020, are "the same offense" as used in the definition from *Johnson, supra.* However, it is obvious that the legislature contemplated that burglary is basically an offense against property inasmuch as it mandates unlawful entry into a building to obtain a conviction. Such entry, however, is not a part of the evidence necessary to convict of first degree robbery which is an offense against persons. The elements necessary for conviction of burglary were complete when the facts established an unlawful entry with intent to commit a crime and the arming of the defendant with a deadly weapon. The clear intent of the legislature in enacting the robbery statute, KRS 515.020, was to condemn a separate crime, as an occupied dwelling is not an element *necessary* to first degree burglary.

■ The key which unlocks the doors of this proffered dilemma is that all the charges herein were contained in a single indictment and disposed of at a single trial.

Under these circumstances, the entire factual history of the continuing course of conduct is presented to the jury and, if that chronicle contains the elements necessary for separate statutory crimes, the reality that many of the constituent parts which compose the severable wholes are the same does not destroy that severability under the label of double jeopardy. In these circumstances, there is no overreaching, no enhancement of punishment, no harassment—merely a single prosecution for separate statutory crimes. We would note quickly that, had severance been granted pursuant to defendant's motion so that there were separate trials held under the same indictment, the same law would apply. *See Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977).

■ Appellant next contends that the theft of the vehicle was, in reality, a part of the first degree robbery and not a separate offense as charged in the indictment. With this we agree. However, we do not agree that his plea of guilty to theft attached double jeopardy so that he could not be convicted, at the same trial, of first degree robbery. This is lucidly indicated in *Johnson, supra*, 104 S.Ct. at 2542:

The grand jury returned a single indictment, and all four charges were embraced within a single prosecution. Respondent's argument is apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt and punishment on one count of a multi-count indictment immediately raises a double jeopardy bar to continuing prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded. We have never held that and decline to hold it now.

\* \* \* \* \* \*

No interest of respondent protected by the double jeopardy clause is implicated by continuing prosecution on the remaining charges brought in the indictment. Here respondent offered only to resolve

part of the charges against him.... Respondent had not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses.

■ Thus, the guilty plea to the theft of the car does not attach jeopardy to the further prosecution for first degree robbery. However, since it should have been included in the prosecution for the greater offense, an affirmance by this court would, in fact, constitute impermissible enhancement of the penalty, and it must be set aside.

Appellant next reasons there was insufficient evidence to sustain the verdict of unlawful imprisonment in the first degree. That offense is defined in KRS 509.020, as follows:

(1) A person is guilty of unlawful imprisonment in the first degree when he knowingly and unlawfully restrains another person under circumstances which *expose that person to a risk of serious physical injury.*

■ There is no argument herein by appellant that the restraint was anything but unlawful, and also unreasonable under the exemption provided in KRS 509.050; nor does he complain of the instruction other than the fact that it was given over his motion for a directed verdict of acquittal. He merely argues there was no damage or injury to the McClains under the definition of "serious physical injury" contained in KRS 500.080(15). In this argument, he ignores the operative phrase of the statute, that being "expose that person to a *risk* of serious personal injury." The actual impairment of health does not have

to be present, merely the risk thereof. This court will not hold that the jury was clearly unreasonable in its finding that binding victims hand and foot, one of whom suffered from high blood pressure, and abandoning them in their dwelling, exposed those victims to a risk of serious physical injury. Indeed, appellant is fortunate he was indicted on only one count of false imprisonment.

Following the verdicts of the jury affixing the penalties herein described, the appellant entered a plea of guilty to the amended charge of persistent felony offender (second degree) and was sentenced to 30 years' imprisonment.

The convictions of the appellant for escape (which was not appealed), for first degree burglary, for first degree robbery, and for first degree false imprisonment are affirmed. The conviction for theft is reversed and set aside. His conviction and sentence as a persistent felony offender in the second degree are also affirmed.

All concur.