Paul INGRAM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

90–SC–336–DG.

Supreme Court of Kentucky.

Dec. 27, 1990.

Stephen P. Durham, Appellate Public Advocate, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Ann Louise Cheuvront, Asst. Atty. Gen., Frankfort, for appellee.

COMBS, Justice.

By a multi-count indictment, appellant Ingram was charged with three offenses involving the sale, and possession for intended sale, of marijuana. In a single trial, he was found guilty on all counts. Two of those convictions constitute the subject matter of this review, which presents the question of whether Ingram has been twice put in jeopardy for the same offense, in violation of Kentucky Constitution § 13.

The factual premise is simple. Ingram—an adult—sold two[1] marijuana cigarettes to a minor. This exchange happened to occur within one thousand yards of a school building. The transaction produced two convictions, one for selling marijuana to a minor,[2] another for trafficking within one thousand yards of a school;[3] consecutive five-year sentences were imposed. Appellant insists that multiple convictions for a single act are prohibited by the Double Jeopardy Clause.[4]

---

1. The fact that there were two cigarettes is not significant. Ingram was not charged with separate sales.

2. "Any person eighteen (18) years of age or older who knowingly and unlawfully sells or transfers any amount of marijuana to any person under eighteen (18) years of age shall, for the first offense, be guilty of a Class D felony and for each subsequent offense shall be guilty of a Class C felony." KRS 218A.990(5).

3. "Any person who unlawfully traffics in a controlled substance ... on any premises located within one thousand (1,000) yards of any school building used primarily for classroom instruction *shall be guilty* of a felony...." KRS 218A.990(16).

We have by dictum expressed a view that the protections against double jeopardy afforded by the Kentucky Constitution are co-extensive with those guaranteed by the Fifth Amendment of the Constitution of the United States. *Jordan v. Commonwealth*, Ky., 703 S.W.2d 870, 872 (1986). But notwithstanding the almost identical language of the two provisions, our interpretation of the one has not in fact mirrored the United States Supreme Court's reading of the other.

The doctrine operates to bar subsequent prosecution for an offense, once the defendant has been acquitted or convicted, and to prohibit multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *Jordan v. Commonwealth, supra.* To determine whether two charged offenses are in law the same offense, in the context of multiple punishments, the U.S. Supreme Court established the following test:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). This test, which has been codified in Kentucky,[5] is essentially whether either offense is included in the other.

---

4. "No person shall, for the same offense, be twice put in jeopardy of his life or limb...." Ky. Const. § 13.

5. "(1) When a single course of conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense when:

(a) One offense is included in the other...." KRS 505.020.

An offense is included when it is "established by proof of the same or less than all the facts required to establish the commission of the offense charged...." KRS 505.020(2)(a).

The Supreme Court has painstakingly distinguished the successive prosecutions context as raising grave concerns "beyond merely the possibility of an enhanced sentence...." *Grady v. Corbin,* — U.S. —, —, 110 S.Ct. 2084, 2091, 109 L.Ed.2d 548, 562 (1990). Where the issue is subsequent prosecution, inquiry may proceed beyond the *Blockburger* analysis:

> [A] subsequent prosecution must do more than merely survive the *Blockburger* test. As we suggested in *Vitale,* the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

*Id.,* at —, 110 S.Ct. at 2093, 109 L.Ed.2d, at 564. *Cf. Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

The Court has not, however, supplemented the *Blockburger* criteria when the issue is multiple punishments imposed in a single trial. *See Ohio v. Johnson, supra; Garrett v. United States,* 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). It has even said that in such cases, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 495 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983).

■ This Court holds the Kentucky Constitution superordinate to legislative intent. Moreover, we have at times, in a series of multiple punishment cases, inclined to the view that a single impulse or a single act constitutes but one offense.[6] This view of § 13 is obviously broader than the "included offense" approach of *Blockburger* and KRS 505.020.

Although the facts were very different, the situational posture in *Hamilton v. Commonwealth,* Ky., 659 S.W.2d 201 (1983), was closely analogous to that in the present case. Hamilton was convicted of both rape and incest for a *single act* of sexual intercourse with his ten-year old daughter. Clearly, neither offense was included in the other. The father-daughter relationship necessary to the offense of incest, was extraneous to the charge of rape; the age of the victim, very material to the non-consent element of rape, was immaterial to incest. Departing from strict application of *Blockburger,* we reversed one of the convictions on double jeopardy grounds.

In *Jackson v. Commonwealth,* Ky., 670 S.W.2d 828 (1984), we held that a conviction for theft of property precludes a simultaneous conviction for knowingly receiving (the same) stolen property. In reversing, we emphasized that the defendant had been twice convicted for the same act.

In *Polk v. Commonwealth,* Ky., 679 S.W.2d 231 (1984), we affirmed convictions for burglary in the first degree and assault in the first degree. Apart from separate elements, these offenses involved separate acts:

> The question is whether in each offense there are *additional acts of criminal misconduct* which are unnecessary to the commission of the other offense. [Emphasis added.]

*Id.,* at 233. The burglar's stabbing the home dweller was an *additional act* constituting the separate offense of assault. *Polk* effectively substituted the requirement of additional *acts* for the additional *facts* of *Blockburger,* although the different standard did not alter the result.

In *Wilson v. Commonwealth,* Ky., 695 S.W.2d 854 (1985), we affirmed multiple convictions for conspiracy to commit robbery in the first degree and accomplice to assault in the second degree. It was again clear that the offenses involved *multiple acts.* We quoted the "additional acts of

---

**6.** The U.S. Supreme Court, conversely, has "steadfastly refused to adopt the 'single transaction' view of the Double Jeopardy Clause." *Garrett v. United States, supra,* 471 U.S. at 790, 105 S.Ct. at 2417; *Grady v. Corbin, supra,* — U.S. at — n. 15, 110 S.Ct. at 2094 n. 15, 109 L.Ed.2d at 566 n. 15.

criminal misconduct" language of *Polk* as the "determinative question." *Id.*, at 859.

By a unanimous decision in *Jordan v. Commonwealth*, Ky., 703 S.W.2d 870 (1986), we affirmed separate convictions for burglary and robbery, and held that a guilty plea to the included offense of theft does not attach jeopardy to a prosecution for robbery, although the theft conviction must fall. Apparently aligning our course with that of the U.S. Supreme Court, and relying on *Blockburger, Missouri v. Hunter, supra,* and *Ohio v. Johnson, supra,* we "noted" the identity of the Kentucky and United States double jeopardy protections, and stressed the distinction between single- and multiple-prosecution cases. On the other hand, it may be noted that the outcome, if not the rationale, was as consistent with the additional *acts* approach as with the additional *facts* standard. Interestingly, we quoted the following language from *Blockburger:*

> The distinction stated by Mr. Wharton is that "when the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all united in swelling a common stream of action, separate indictments lie." Wharton's Criminal Law, 11th ed. § 34. Or, as stated in note 3 to that section, "The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately ... if the latter, there can be but one penalty."

*Id.*, 703 S.W.2d at 873; *Blockburger, supra,* 284 U.S. at 302, 52 S.Ct. at 181.

Next came *Wager v. Commonwealth*, Ky., 751 S.W.2d 28 (1988). Quoting the venerable *Blockburger* rule and KRS 505.-020, we held that the defendant might be convicted of both rape in the first degree and assault in the second degree, since neither offense is included in the other.[7]

Then, in *Jones v. Commonwealth*, Ky., 756 S.W.2d 462 (1988), we again abandoned strict adherence to the traditional "differ-

ent facts" test. We held that conviction for robbery prohibits conviction for possession of the stolen property, even though each offense contains elements not common, and even though the charges are tried together. While we concluded that possession of stolen property is, like theft, an extra-statutory included offense of robbery, our reasoning was imbued with the idea that a single act constitutes a single offense. From *Wharton* via *Blockburger* and *Jordan:* "[W]hen the impulse is single, but one indictment lies...." *Id.*, at 463. From *Milward, Kentucky Criminal Practice,* § 5.07 (1984):

> Section 13 of the Kentucky Constitution, which prohibits an accused from being placed in double jeopardy for the same offense, prohibits the Commonwealth from carving out of one act or transaction two or more offenses.

*Id.*, at 463. Our interpretation of § 13:

> The Commonwealth is permitted to carve out of a single criminal episode the most serious offense, but not to punish a single episode as multiple offenses.

*Id.*, at 463.

Our recent decision in *Smith v. Lowe*, Ky., 792 S.W.2d 371 (1990) is only tangentially relevant here, but we note it for completeness' sake. There we held that the collateral estoppel element of the double jeopardy principle, as codified by KRS 505.050(2), barred a state prosecution based on a single act after a jury had acquitted the defendant of federal charges deriving from the same act. We reasoned that the acquitting jury had in all likelihood determined that the defendant had not committed the act.

Like *Hamilton, supra,* the instant case presents a single impulse and a single act, having no compound consequences. By virtue of additional, circumstantial facts, the behavior was offensive to two criminal statutes. Considering these circumstances, and Kentucky Constitution § 13, and the result in *Hamilton,* and the tenor of *Jackson, Polk* and *Jones,* we are led to conclude

---

7. As in *Jordan,* the separate fact necessary for each offense was also a separate act—here, causing physical injury (assault), and sexual intercourse (rape).

that Ingram committed but one offense, and that dual convictions are constitutionally impermissible.

The conviction and sentence under KRS 218A.990(5) are affirmed. The conviction under KRS 218A.990(16) is reversed, and the sentence thereunder is vacated.

STEPHENS, C.J., and GANT, LAMBERT, LEIBSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because Ingram has not been put in jeopardy twice for the same offense.

Ingram was convicted of trafficking in marijuana on premises located within 1,000 yards of a school building and for knowingly and unlawfully selling marijuana to a person under 18 years of age. He was sentenced to consecutive terms of imprisonment for selling marijuana to a minor near the school and he also received a sentence of twelve months in jail for possession of less than 8 ounces of marijuana for sale.

The majority attempts to bring this question under the purview of Kentucky Constitution § 13 and reviews a number of Kentucky cases dealing with the question of multiple punishment, the question of merger of the criminal activity and the single criminal impulse or single criminal act when more than one offense is charged.

Traditionally, the test for determining whether one act can be two charges is found in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). This test was developed in the context of multiple punishments imposed in a single prosecution. It has been used for almost 60 years in considering federal as well as state criminal matters. Many crimes have a universal and generic background which is common to all states. The mere fact that the statutory language prohibiting certain conduct designated as criminal may vary from state to state does not change the underlying criminal offense. The rationale of *Blockburger, supra*, and the cases

following it are persuasive to any logical person who considers the impact of the crime on the victim as well as the accused.

*Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182, provides in part:

The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

Interestingly enough, the majority asserts that the U.S. Supreme Court has not supplemented the *Blockburger* standard when the issue is multiple punishment imposed in a single trial. The majority further asserts that the double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the *legislature intended*.

Kentucky has long followed the same reasoning as set forth in *Blockburger* and subsequent federal cases. *See Wilson v. Commonwealth*, Ky., 695 S.W.2d 854 (1985); *Polk v. Commonwealth*, Ky., 679 S.W.2d 231 (1984). *Wilson, supra*, states that the test focuses on the proof necessary to prove the statutory elements of each offense and that we must determine the minimum facts necessary to establish a completed offense under each statute and determine if an additional fact must be proved for each completed offense.

K.R.S. 218A.990(5) regarding the selling of marijuana to a minor indicates that the minimum facts that would establish a charge are 1) that the seller was over 18; 2) that he sold or transferred marijuana; and 3) that the person he sold or transferred the marijuana to was under 18.

K.R.S. 218A.990(16), trafficking within 1,000 yards of a school, provides in pertinent part that the minimum facts would be 1) that there was trafficking in a controlled substance; 2) that there was a school used primarily for classroom instruction; and 3) that the trafficking was on a premises located within 1,000 yards from the school.

The conviction on each statutory offense requires proof of two additional elements.

The only elements these offenses have in common is that the jury must have found a sale or transfer of the controlled substance. It is obvious that the addition of the elements in the separate statutes clearly indicates the legislative intent was to impose separate punishments for each offense.

I must respectfully disagree with the analysis of *Jordan v. Commonwealth*, Ky., 703 S.W.2d 870 (1986) made by the majority. *Jordan, supra,* said that the guilty plea of theft does not attach jeopardy to further prosecution for robbery because theft would be a lesser-included offense of robbery and it would impermissibly enhance the sentence and should be set aside. The same is true in *Jones v. Commonwealth*, Ky., 756 S.W.2d 462 (1988) and *Jackson v. Commonwealth*, Ky., 670 S.W.2d 828 (1984) because one of the charges was considered to be a lesser-included offense of the other.

That is not the case here. One offense is not the lesser-included offense of the other. This case is similar to *Polk, supra,* and *Wilson, supra.* The lengthy and learned survey of Kentucky cases made by the majority calls attention to the fact that a majority of the court has been selective in applying a merger or course of action impulse theory. It would appear that the court has employed a case-by-case approach in the cases surveyed by the majority.

The revered Wharton treatise on criminal law indicates that the fifth amendment to the federal constitution has many state constitutional provisions which are comparable and clearly states that the notion of former jeopardy has its basis on the philosophy that "no person shall be subject for the same offense to be twice put in jeopardy." § 54 *Wharton's Criminal Law* (14th ed. Vol. 1, p. 274). Wharton further expresses the view that the federal provision is applicable and binding on the states through the Fourteenth Amendment. The underlying idea of the protection from double jeopardy is a restraint on courts and prosecutors. "The legislature remains free ... to define crimes and fix punishments; but once the legislature has acted, courts may not impose more than one punishment for the same offense, and prosecutors ordinarily may not attempt to secure that punishment in more than one trial." § 54, p. 276 of *Wharton's.*

The facts of this case, barely noted by the majority opinion, clearly demonstrate why the legislature adopted two different statutes to punish two separate acts of criminal behavior. Ingram admitted to keeping marijuana for his own use but denied ever selling anything to the minor. The minor testified that he went to Ingram's home and bought two marijuana joints from him. The minor stated that he was asked for and paid $4.00 for the marijuana and that he smoked the joints which were rolled in the same white paper as were the 69 marijuana cigarettes later found by the police in Ingram's home. The minor testified that he knew the joints were marijuana and that he got high. The police also found cigarette papers, scales and scissors which were used in the production of marijuana cigarettes and a police radio scanner in their search of Ingram's home. The 69 marijuana cigarettes were found in a china cabinet where, according to police, the minor said Ingram got the marijuana he sold to the minor.

The fact that Ingram was 52 years old and sold marijuana to a 16 year old juvenile was enough to satisfy K.R.S. 218A.990(5). This offense could have happened anywhere but the additional fact that the transaction took place within 1,000 yards of a school established criminal liability for K.R.S. 218A.990(16). Each offense required additional facts and the multiple convictions were proper.

I must respectfully disagree with the view of the majority that § 13 of the Kentucky Constitution is obviously broader than the included offense approach of the federal case of *Blockburger* and K.R.S. 505.020 which adopts the *Blockburger* rationale. The statute and *Blockburger* speak common sense. It is a theme universal in every state and every society. It is not necessary to seek refuge in a strained interpretation of the language of the Ken-

tucky or federal constitution. These genuinely respected and venerated charters of the law provide both broad guidelines and in some cases specific detail in regulating the conduct of human beings. I do not believe they provide any haven for those who would seek to avoid the consequences of their criminal activity. The Kentucky Constitution, Sec. 13, in pertinent part, clearly and simply provides that "no person shall, for the *same offense,* be twice put in jeopardy." (Emphasis added.) The two statutes here are not the same offense.

Kentucky has long held that there can be different parts in a continuing criminal transaction which are separate offenses and may be separately prosecuted. The rule that a single criminal action cannot be split into separate offenses is not necessarily applicable if different parts of a continuous criminal transaction or series of acts are separate offenses and can be separately proved. *Newton v. Commonwealth,* 198 Ky. 707, 249 S.W. 1017 (1923).

I would affirm the conviction in all respects.