Vandree D. SMITH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–SC–377–MR.

Supreme Court of Kentucky.

Sept. 21, 1995.

Gene V. Lewter, Lexington, for appellant.

Chris Gorman, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Smith of trafficking in cocaine, criminal syndicate and as a second-degree persistent felony offender. He was sentenced to ten years on each of the underlying charges and his sentence was enhanced to twenty years as a persistent felony offender. The sentences were ordered to run consecutively for a total of forty years in prison.

The sole issue raised on appeal is whether the convictions for both trafficking in cocaine and criminal syndicate are a violation of the double jeopardy clause of both the Kentucky and Federal Constitutions.

In 1993, Smith was among eleven individuals who were indicted on a variety of charges including trafficking in controlled substances, criminal syndicate, welfare fraud, failure to file state income tax and persistent felony offender charges. Smith and his four codefendants, Brooks, Dishman, Edmonds and Michael Ross, were tried together. All were convicted of various charges, but Ross's case is pending before the Court of Appeals. The trial of the defendants was the result of a two-year investigation of a group known as the "First Family," and its activities in the illegal drug trade.

The charges against Smith were based on four so-called "controlled buys" by a police informant who was equipped with an audio recorder and given cash to purchase cocaine. The fifth occasion was arranged by police as a "buy bust" where there was an arrest of the parties involved at the scene. The first purchase occurred on April 24, 1992 at Lynhurst Apartments in Fayette County. The second buy was on December 15, 1992 at 162 St. Margaret Drive in Fayette County. The third buy took place on February 4, 1993 at the St. Margaret Drive address. The fourth buy was on May 20, 1993, also at St. Margaret Drive. The final purchase of cocaine was called a "buy-bust" and occurred in Oakwood Park in Fayette County.

The "buy-bust" took place on August 20, 1993. An undercover detective met Smith in Lexington, but he sought to move the transaction to a Lexington apartment complex. When the informant refused, arrangements were made with a woman named "Karen" for the buy to take place at a small Lexington park. Afterwards, the informant and undercover detective and Smith drove to the park where the police arrested Smith and Karen Burdell Wilson. The police seized over seven ounces of cocaine and found $4,500 in the trunk of Wilson's car.

Acting on information from Burdell, who stated that she knew the source of the cocaine, the police obtained a search warrant for 116 Hanley Lane, Apartment 6, in Frankfort, Kentucky. According to Burdell, this unit was rented by Sarita Brooks at the time the search warrant was executed. Cocaine, crack cocaine and marihuana and other evidence of drug trafficking were seized and several people including Brooks, Dishman and Edmonds were arrested.

Detective Cook read a statement to the jury which had been made by Smith at the

time of his arrest. Smith admitted contacting Karen Burdell Wilson to arrange for the purchase of seven ounces of cocaine for $1,200 per ounce.

At trial, John G. Bentley, Jr. testified that he was in the "First Family" along with Smith, Brooks, Dishman, Ross and Wilson. Smith testified and admitted that he had purchased cocaine from the informant on August 20, 1993, but denied that he or the others were a part of an organized crime syndicate. Karen Burdell Wilson testified that she was Sarita Brooks' sister and knew that the organization referred to itself as the "First Family." She identified members of the organization as Smith, Sarita Brooks, Virgil Young, John Bentley, Michael A. Ross, Karen Dishman and Shadrick Edmonds. She stated that she was also a member of the "First Family." Wilson detailed the operations of the crack cocaine manufacture that occurred in her apartment at 162 St. Margaret Drive in Lexington. She testified that she saw large amounts of cash and cocaine in the possession of all the individual members of the "First Family" and that she saw drug transactions take place at the St. Margaret Drive address. According to Wilson, Sarita Brooks was the head of the "First Family," and Karen Dishman was the second in command with Smith as third in rank.

Smith was convicted of trafficking in a controlled substance, first-degree, and criminal syndicate was returned on March 29, 1994. This appeal followed.

### I Double Jeopardy

■ Smith's argument is based on an objection on double jeopardy grounds to the jury instruction on criminal syndicate. He claims that the cocaine trafficking charges were a lesser included offense of the criminal syndicate charge and that the trial judge permitted the Commonwealth to seek and obtain multiple convictions for the same criminal episode. Smith contends that the proper relief in this case is to vacate the so-called lesser included offenses, the two counts of cocaine trafficking.

Considering the facts of this case, Smith was not placed in double jeopardy as a result of his conviction for both cocaine trafficking and criminal syndicate. The two counts of cocaine trafficking were not "lesser included offenses" of the crime of criminal syndicate.

There is no double jeopardy violation because the statutory crimes of trafficking in a controlled substance and criminal syndicate each require proof of facts which the other does not. There was sufficient evidence to prove Smith guilty of criminal syndicate independent of the evidence which was introduced to demonstrate that he engaged in cocaine trafficking. Criminal syndicate and cocaine trafficking are not factually a single offense or part of a single criminal episode. They did not constitute a single act or single impulse as denounced in *Ingram v. Commonwealth*, Ky., 801 S.W.2d 321 (1990) or *Commonwealth v. Grubb*, Ky., 862 S.W.2d 883 (1993).

■ The Kentucky Constitution in Section 13 and the Federal Constitution in the Fifth Amendment protect against double jeopardy. The current state of the law is expressed in *Walden v. Commonwealth*, Ky., 805 S.W.2d 102 (1991), which held that the Kentucky Constitution provides "protection against multiple punishment for crimes which are factually a single offense," whether in the context of successive prosecutions or the same trial. Prosecution for two crimes does not constitute double jeopardy if each statutory offense requires proof of a fact which the other does not, and if to establish an essential element of one crime, the prosecution does not prove conduct that constitutes the second offense. *Walden, supra; Ingram, supra.*

■ An overlap of proof does not necessarily establish a double jeopardy violation. *See United States v. Felix,* 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). The correct test is whether the separately charged crimes are factually a single offense.

The cocaine trafficking conviction resulted from the testimony about an August 20, 1993

buy and was established by Vandree Smith's statements to the informant and the detective and by testimony from Brooks' sister.

In this case, the prosecution was able to establish all the elements of the involvement of Smith in a criminal syndicate, independent of his cocaine trafficking offense on August 20, 1993. They were separate statutory offenses which were committed by Smith. They do not constitute a single act or single impulse under *Ingram*, nor do they represent a single episode as condemned by *Grubb, supra*. There was no double jeopardy violation. It is entirely permissible to use the trafficking violation as an element of proof of the criminal syndicate charge. It is no double jeopardy violation to use evidence of trafficking as a part of the criminal syndicate proof.

The judgment of conviction is affirmed.

STEPHENS, C.J., and FUQUA, LAMBERT, LEIBSON and REYNOLDS, JJ., concur.

STUMBO, J., concurs in result only.