HELENE N. WHITE, Circuit Judge,
dissenting.
I respectfully dissent.
Like the district court, the majority rejects Manns’s ineffective assistance of trial counsel claim on the ground that Commonwealth v. Grubb, 862 S.W.2d 883 (Ky. 1993), was no longer good law when Manns went to trial. This conclusion is based on the syllogism that Grubb was based on the single-impulse test adopted in Ingram v. Commonwealth, 801 S.W.2d 321 (Ky. 1990); the Ingram test was abandoned for *887 the Blockburger[1] test in Commonwealth v. Burge, 947 S.W.2d 805 (Ky. 1996); charging multiple offenses does not violate Blockburger, therefore, the multiple charges did not violate Kentucky law and counsel was not ineffective for failing to challenge the indictment or multiple convictions. I have no quarrel with the logic of the majority’s position. The problem is that the Kentucky Supreme Court has never followed this path, and has adhered to Grubb.
Ineffective Assistance of Trial Counsel (IATC)
After Grubb sold undercover police officers ten Percodan and two Dilaudid pills, both Schedule II. narcotics, in a single transaction, officers returned to Grubb’s residence with a search warrant and recovered additional drugs. Grubb was convicted on four drug-trafficking counts. 862 S.W.2d at 884. The Kentucky Court of Appeals reversed the convictions on the two counts that arose from the transactions already covered by other counts. The Kentucky Supreme Court granted discretionary review and affirmed:
The Court of Appeals reversed the conviction of Counts 3 and 5 and held the double jeopardy clause of the Kentucky Constitution forbids conviction of more than one offense when all the drugs involved are contained (listed) within the same statutory schedule of controlled substances. The issue articulated by the Court of Appeals is whether multiple sentences for drug trafficking may be imposed under the “compound consequences” prong of the Ingram test (arising from Ingram v. Commonwealth, Ky., 801 S.W.2d 321 [1990]), when the defendant has trafficked in different named substances but which are criminalized in the same schedule (statute).
KRS 218A.060 and 218A.070 placet] the substances Percodan and Dilaudid in Schedule II....The language of the statutes reflects that the legislature did not create a separate crime with respect to each forbidden substance contained in the same schedule. Certainly a punishment must be fixed clearly and without ambiguity and any doubt will be resolved against turning a single transaction into multiple offenses. Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955).
[[Image here]]
A single sales transaction between the same principals at the same time and place which violates a single statutory provision does not justify conviction or a sentence for separate crimes, even though more than one item of a controlled substance (of the same schedule) is involved.
Said otherwise, the simultaneous unlawful possession (sale) of the same scheduled narcotic drugs giving rise to separate offenses results in fractionaliz-ing the statute. We would soon arrive at the threshold of declaring that a single criminal transaction could be broken into multiple offenses based upon the total number of pills that were recovered, a manifestly absurd result.
[[Image here]]
[] Ingram ...made clear that [this court] has adopted a broader view of double jeopardy [than the Commonwealth advocates], Resultantly, Section 13 of the Kentucky Constitution would permit the Commonwealth to carve out of a single episode the most serious offense, but not to punish a single episode as a multiple offense. In effect that case, as this one, presents a single impulse act having no compound consequences. We *888 have determined that it may be justifiable ... to impose separate punishments for the possession of different classes (schedules) of drugs on the ground that different items clearly present different threats to society.
862 S.W.2d at 884-85.
In the instant case, the district court determined that because Ingram had been overruled, Grubb no longer stood on solid footing:
Grubb did stand for the proposition, under Kentucky law, at least, that (as to the statutory version in effect at the time of Grubb) one instance of trafficking in various substances under the same schedule should not support multiple charges. See id. at 884-85. Manns faced separate charges, in Counts 1 and 2, for trafficking different controlled substances (but within the same schedule) on one factual occasion. However, [Grubb] rested on Ingram v. Commonwealth, 801 S.W.2d 321, 324-25 (Ky. 1990). Kentucky overruled Ingram later that decade in Commonwealth v. Burge, 947 S.W.2d 805, 811 (Ky. 1996). [] Kentucky, for double jeopardy analysis, dropped its single instance analysis in cases like Ingram and embraced the federal Blockburger analysis set forth in Burge. [Hatcher v. Commonwealth, 310 S.W.3d 691, 697 (Ky. Ct. App. 2010)] (“The Kentucky Supreme Court has overruled Ingram and adopted the ‘distinct element’ test of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).”). Grubb undoubtedly centered on Ingram. See Grubb, 862 S.W.2d at 887 (Wintersheimer, J., dissenting) (“The majority chooses to base its decision on the double jeopardy analysis provided by Ingram [ ]”). 'Manns’s argument treats Grubb as definitive, but by the time of his trial (and his RCr 11.42), Grubb no longer stood on solid footing. This being the only argument presented, Manns fails to raise a Strickland issue of substantial merit. Fair-minded jurists would not reasonably debate the merit of an argument, eschewed by counsel, premised on a case of doubtful continuing vitality.
PID 504-05 (Mag. J. Recommended Disposition, adopted by Dist. Ct.).
The problem with the district court’s and the majority’s reasoning is that not only has the Kentucky Supreme Court never abandoned Grubb, it has approved it in the years since Ingram. In Burge, which overruled Ingram's, single-impulse rule and adopted the Blockburger test, the Kentucky Supreme Court observed that Grwh&would have satisfied the Blockbur-gertest:
In [Grubb], we cited Ingram in holding that a defendant could not be convicted of selling multiple items of different controlled substances of the same schedule. The same result could have been reached by application of the Blockbur-ger “same elements” test, since the sales all violated the same statute.
Burge, 947 S.W.2d at 810. Then, in 2011, fifteen years after Burge was decided, the Kentucky Supreme Court cited Grubb in Jones v. Commonwealth, 331 S.W.3d 249, 251 n.1 (Ky. 2011), explaining why Jones was charged with only one count for delivering two listed substances at the same time. The Court explained: “The alprazo-lam and clonazepam purchased during the second buy constituted only one transaction because they are both Schedule IV narcotics. See Commonwealth v. Grubb, 862 S.W.2d 883 (Ky. 1993).” Further, Kentucky’s Criminal Practice and Procedure Series continues to cite Grubb and repeat the proposition that “multiple sentences for a single drug transaction of drug trafficking may not be imposed when the defendant has trafficked in different named *889 substances which are criminalized in the same schedule.”[2] Thus, I cannot agree that Grubb was no longer the law in Kentucky when Manns was tried.
Manns’s claim that trial counsel was deficient in failing to challenge the indictment is meritorious. As for prejudice, counsel’s failure to object to the duplicative count resulted in Manns being convicted of a third count and being sentenced to an additional and consecutive twenty years; thus counsel’s performance prejudiced the trial’s outcome.
Ineffective Assistance of Appellate Counsel (IAAC)
Decided in 1984, Devore, 662 S.W.2d 829 (Ky. 1984), held that Ky. Rev. Stat. Ann. § 533.060(2)required that sentences for felonies committed while on parole run consecutively to each other, in addition to the sentence for the paroled offense. De-vore remained the law until it was overruled in Peyton v. Commonwealth, 253 S.W.3d 504 (Ky. 2008), which held that the newly imposed sentences must run consecutively to a paroled offense, but the sentencing court has discretion to run the new sentences either concurrently or consecutively to each other. 253 S.W.3d at 511-12. Peyton became final while Manns’s appeal was pending before the Kentucky Supreme Court.
Appellate counsel first challenged De-vore in a petition for rehearing and/or extension filed after the Kentucky Supreme Court affirmed Manns’s convictions. Appellate counsel argued the court should reverse and remand for a new trial, or remand for resentencing in accordance with Peyton, or allow the parties to brief and/or hear argument on the issues presented in the petition for rehearing. PID 52. The Kentucky Supreme Court denied Manns’s petition for rehearing without comment: “The Petition for Rehearing filed by the Appellant, Benji Manns, is DENIED.” PID 53.
A.
Manns’s habeas petition argued that appellate counsel was ineffective for failing to argue that Devore incorrectly interpreted Ky. Rev. Stat. § 533.060(2) in initial briefing on direct appeal to the Kentucky Supreme Court. On appeal, Manns asserts that although Peyton had not been decided when Manns was sentenced, given trial counsel’s vigorous argument that the court had discretion to impose a concurrent sentence, appellate counsel should have argued that Devore was wrongly decided. Manns notes that the trial court invited an appeal of that issue when it stated, “Mr. Manns certainly has the right to appeal that decision and maybe make new law but based on the law we have now [Devore] is the reason for my decision.”
Further, Manns asserts that appellate counsel submitted her reply brief on May 5, 2008, just seventeen days-before Peyton was decided, and that appellate counsel therefore did not need to wait until a petition for rehearing to request that Pey-ton be applied because she could have asked to supplement her reply brief with additional law after Peyton was decided. See Appellant Br. at 15.
B.
The majority concludes that appellate counsel was not ineffective for failing to challenge Devore’s consecutive sentencing requirement because there was no reason *890 to believe that the Kentucky Supreme Court would overrule itself after twenty-four years, and counsel raised the issue immediately after the Supreme Court changed its mind. As to the second point, the Supreme Court decided Peyton on May 22, 2008, and that decision became final on June 12, 2008. The Kentucky Supreme Court denied Manns’s appeal on August 21, 2008, and counsel filed the motion for rehearing on September 10, 2008. Thus, counsel had over two months to seek leave to file a supplemental brief calling the court’s attention to Peyton and to trial counsel’s repeated objections to the consecutive sentences. This was a crucial omission given that the Kentucky Supreme Court will not consider an error raised for the first time in a petition for rehearing:
That unraised issues are' treated as waived is also why a petition for rehearing would have likely been insufficient in this case, even though that is the ordinary route for a party to challenge a portion of one of this Court’s opinions. The rehearing rule itself specifically limits a petition for rehearing “to a consideration of the issues argued on the appeal,” CR 76.32(b), “[ejxcept in extraordinary cases when justice demands it,” id.As a result, error raised for the first time in a petition for rehearing will not be considered. See Reed v. Reed, 457 S.W.2d 4 (Ky. 1969); Commonwealth, Dept. of Highways v. Thomas, 427 S.W.2d 213, 217 (Ky. 1967); Herrick v. Wills, 333 S.W.2d 275, 276 (Ky. 1959). Thus, even if Johnson had raised this issue in a petition for rehearing, his failure to raise it in the original briefs would have amounted to a waiver.
Johnson v. Commonwealth, 450 S.W.3d 707, 713 (Ky. 2014).
Manns received three consecutive twenty-year sentences under circumstances where trial counsel argued for concurrent sentences and the trial court declared itself bound hyDevore.' Given that the issue was clearly preserved and a favorable ruling would have resulted in a resentencing that might have reduced Manns’s sentence, appellate counsel should have at a minimum, sought leave to add a claim under Peyton before the Kentucky Supreme Court decided Manns’s appeal. Competent appellate counsel should keep abreast of relevant appellate court decisions issued between briefing and decision. See ABA Model Rules of Professional Conduct 1.1(“A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation. reasonably necessary for the representation.”) and 1.3 (“A lawyer shall act with reasonable diligence and promptness in representing a client.”).[3]
For these reasons, I conclude that Manns’s ineffective assistance claims are substantial. On his IATC claim, Manns is entitled to have his conviction and sentence for one of the two counts related to the February 9, 2005 buy vacated; on his IAAC claim, Manns is entitled to resen-tencing because the state trial judge had discretion to run the sentences on the remaining two convictions either concurrently or consecutively with each other.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. 8 Kentucky Practice Series, Criminal Practice and Procedure § c14.16 n.3 (5th ed.) (updated Nov. 2016) (citing both Burge and Grubb). Kentucky secondary sources recognize that Grubb is not one of the seven cases overruled in Burge.See Trial Handbook for Kentucky Lawyers § 10:1 n. 23-31 (2016-2017 ed.).

. Kentucky adopted the ABA Model Rules of Professional Conduct in 1989. See https:// www.americanbar.org/groups/professionaL responsibility/publications/modeLrules_oL professionaLconduct/alpha_list_state_ adopting_model_rules.html. Ky. Rules of Professional Conduct, SCR 3.130(1.1), comments (5) and (6) provide, "Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem ...” and "To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice