Grace Marie POLK, Appellant,

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Lillie Mae POLK, Appellant,

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Supreme Court of Kentucky.

Oct. 4, 1984.

Rehearing Denied Dec. 6, 1984.

As Corrected Dec. 14, 1984.

Michael C. Lemke and Frank W. Heft, Jr., Public Defender, Louisville, for appellants.

Steven L. Beshear, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

AKER, Justice.

The appellants, Lillie Mae Polk and Grace Marie Polk, were tried as co-defendants on the charges of first-degree burglary and first-degree assault. The appellants were found guilty of both offenses and were sentenced to twenty years' imprisonment on each count, with the sentences ordered to run consecutively for a total of forty years' imprisonment. The appellants' motion to consolidate their appeal was granted, and they appeal as a matter of right. We affirm the convictions.

The appellants allege that their convictions of both first-degree burglary and first-degree assault under the facts of this case violate the constitutional and statutory prohibitions against double jeopardy. The two convictions resulted from the jury's finding that the appellants entered the home of George Cannon without permission and, while inside, repeatedly stabbed Mr. Cannon with a knife. The appellants submit that the force used to elevate burglary in the second degree into burglary in the first degree was the same force which constituted assault in the first degree.

In Kentucky, the rules governing the prosecution for multiple offenses has been codified in KRS 505.020. Sections (1)(a) and (2)(a) & (b) state that when a "single course of conduct" establishes the commission of more than one offense, a defendant may not be convicted of more than one of the offenses if "one offense is included in the other." An offense is so included when it is established by proof of the "same or less than all the facts" required to establish the commission of the offenses charged.

This statute is simply a codification of the rule laid down in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In that case the Supreme Court held that:

[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Id.* at 304, 52 S.Ct. at 182.

In applying the "Blockburger rule" the Supreme Court has made it clear that the test focuses on "the proof necessary to prove the *statutory* elements of each offense, rather than on the actual evidence presented at trial." *Illinois v. Vitale*, 447 U.S. 410, at 416, 100 S.Ct. 2260, at 2265, 65 L.Ed.2d 228 (emphasis added), see also, *Hunt v. Commonwealth*, Ky., 338 S.W.2d 912 (1960). The question is whether in each offense there are additional acts of criminal misconduct which are unnecessary to the commission of the other offense. The offenses in the present case are not the same under *Blockburger*, nor are they the same offense under KRS 505.-020.

The appellants submit that the only facts proved at trial were that the appellants stabbed the victim with a knife. Therefore, the same "force" which constitutes first-degree assault was used to elevate burglary to first degree. But first-degree burglary occurs when the burglar "is armed with ... a deadly weapon," or "threatens the use of a dangerous instrument" against the victim, or when the burglar "causes physical injury." KRS 511.-020. In this case using the knife was an unnecessary additional act of criminal misconduct and constituted the additional offense of first-degree assault.

Appellants' argument ignores the clear meaning of *Blockburger*. It is the facts required to be proven by statute which are the focus of a double jeopardy analysis.

First-degree assault is defined by KRS 508.010(1)(a) as:

(1) A person is guilty of assault in the first degree when:

(a) He intentionally causes serious physical injury to another person by means of a deadly weapon or dangerous instrument; . . .

The elements, or facts, which constitute the offense are intentionally causing (1) by means of a deadly weapon or dangerous instrument, the (2) serious, (3) physical injury of another.

First-degree burglary is defined in KRS 511.020 as:

(1) A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling with the intent to commit a crime and when:

(a) In effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the offense:

1. Is armed with explosives or a deadly weapon; *or*

2. Causes physical injury to any person who is not a participant in the crime; *or*

3. Uses or threatens the use of a dangerous instrument against some person who is not a participant in the crime; . . .

The elements of burglary in the first degree are (1) the burglary of a dwelling and (2) armed with explosives or a deadly weapon; or (3) causing physical injury to a nonparticipant; or (4) uses or threatens use of a dangerous instrument.

In the present case evidence was introduced which met the separate requirements for the crimes of burglary and assault. The appellants unlawfully entered the house of George Cannon and then armed themselves with deadly weapons and threatened him with dangerous instruments, kitchen knives, as well as causing physical injury. These facts satisfied the statutory elements of burglary in the first degree. Evidence also proved that the physical injury caused by the appellants by the use of the dangerous instruments was both intentional and serious. These additional facts satisfied the elements of first-degree assault.

Since a conviction for each offense required proof of a number of separate facts not required in order to prove the other, the conviction of the appellants for both offenses does not violate either KRS 505.020 or the double jeopardy clauses of the Kentucky or the United States Constitutions.

This analysis prevents the anomalous result that an individual after perpetrating one crime, would have a free ride to commit other crimes, such as the assault in the present case, because the second crime would have merged into the first.

To the extent that *Whorton v. Commonwealth*, Ky. 570 S.W.2d 627 (1978) is in conflict with this opinion, it is hereby overruled.

The next issue raised by appellants is whether the trial court erred in refusing to permit defense counsel to testify for purposes of impeaching a witness for the Commonwealth. Allegedly, George Cannon, the stabbing victim, told one of the defense counsel in the hallway during a preliminary hearing that Cannon could not identify the persons who stabbed him. At trial Cannon denied that he talked to the attorney, but the court refused to allow the defense counsel to testify.

The trial court did err by not permitting the defense attorney to testify, but the error was harmless. RCr 9.24. The issue before the jury was the credibility of the witness Cannon. It was put in issue when Cannon was questioned concerning whether he made the statement in the hallway and again when the jury heard a tape of the preliminary hearing at which the attorney questioned him about the statement. The testimony of the defense counsel would have added nothing to the credibility issue.

The convictions of the appellants are affirmed.

STEPHENS, C.J., and AKER, GANT, LEIBSON, and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents.

STEPHENSON, J., not sitting.