LEIBSON, Justice,
dissenting.
Respectfully, I dissent.
The appellant Kruse raises thirteen issues on appeal. Two of these issues relate to a claim of double jeopardy and multiple prosecutions because the trial court accepted the appellant’s plea of guilty to robbery and then permitted convictions for the additional crimes of murder and first-degree assault. For reasons to be stated, in the *197 unique circumstances of this case the appellant’s claims are well taken. This being so, only the first-degree robbery conviction based on the plea of guilty should stand.
The jury instructions as to both the murder charge and the assault charge specified that the jury should convict on these charges solely on the basis of the wanton conduct attributable to his participation in the robbery, and no other acts. The additional elements necessary to convict Kruse for murder and assault were the acts committed by his confederate, Kordenbrock, when he shot the victims.
The jury instructions against Kruse on the murder charge specified that he should be convicted if, “(a) ... together with Paul Kordenbrock, [he] conspired to commit a robbery of the Western Auto Store; ... AND c) That by so conspiring to commit this robbery, Michael Kruse was wantonly engaging in conduct which created a grave risk of death to another....” (Emphasis added.)
The jury instruction on the assault charge was that Michael Kruse should be found guilty if he “(a) .... voluntarily participated in a robbery of the Western Auto Store; ... AND, c) That by so participating in that robbery, Michael Kruse i.) Wantonly engaged in conduct which created a grave risk of death of William Thompson_OR ii.) Was acting wantonly with respect to the injury to William Thompson and that the pistol was a deadly weapon_” (Emphasis added.)
Appellant Kruse has charged that there was no evidence to support his conviction for either wanton murder or assault because there was no evidence that he knew Kordenbrock carried a loaded gun into the store or of his complicity in the decision to shoot the victims. On the other hand, the Commonwealth argues that the circumstantial evidence was sufficient to infer that Kruse knew Kordenbrock had the gun and that appellant’s conduct in “conspiring to rob” (the murder instruction) and in “voluntary participating in the Western Auto robbery” (the assault instruction) standing alone, was sufficient to convict appellant.
Whether or not the evidence is sufficient to convict the appellant of murder and assault in this case is a challenging legal question which I do not address because the double jeopardy problem created by the instructions which required no additional act makes these questions irrelevant.
The Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution protects appellant from being subjected to multiple prosecutions for the same offense. Section 13 of the Kentucky Constitution provides the same protection. The greater offense is the “same” as any lesser offense included in it where the lesser “requires no proof beyond that which is required for conviction of the greater.” Brown v. Ohio, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977).
KRS 505.020(l)(a) provides that a person may not be convicted of more than one offense “when ... [o]ne offense is included in the other.” KRS 505.020(2)(a) explains that an offense is so included when “[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged.” (Emphasis added.) “This statute is simply a codification of the rule laid down in Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).” Polk v. Commonwealth, Ky., 679 S.W.2d 231, 233 (1984).
KRS 505.040, styled “Effect of former prosecution for different offenses,” provides:
“Although a prosecution is for a violation of a different statutory provision from a former prosecution ... it is barred by the former prosecution ... [if]:
(1) The former prosecution resulted in ... a conviction, and the subsequent prosecution is for:

(b) An offense involving the same conduct as the first prosecution, unless each prosecution requires proof of a fact not required in the other prosecution....”
Here the only acts charged against Kruse as a basis for his conviction for murder and assault are the same acts as *198 charged against him for the robbery to which he had already plead guilty. The appellant was subjected to further convictions and cumulative sentences based on evidence which is, as to him, limited solely to his complicity and participation in the robbery. Cumulative punishments are allowable only when the legislature clearly intended for the same conduct to be punished as two crimes. Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Here the legislative intent is the opposite. KRS 505.020, supra, and KRS 505.040, supra.
Recently, in Polk v. Commonwealth, supra at 233, we held that the Commonwealth could charge and convict the defendant of two offenses where he has been guilty of “additional acts of criminal misconduct which are unnecessary to the commission of the other [first] offense.” Where this is true they are not “the same offense under KRS 505.020.” Id. Polk involved a conviction for both first-degree burglary and a first-degree assault which was an additional gratuitous act committed by Polk unnecessary to complete the burglary charge.
Appellant argues that there is a difference between the Polk situation, first-degree burglary followed by first-degree assault, and the present situation, first-degree robbery followed by murder and first-degree assault. There is no legal distinction between the two situations. See Wilson v. Commonwealth, Ky., 695 S.W.2d 854, 859-60 (1985). But there is an obvious factual difference between the present situation and the situation in Polk. Here it was Kordenbrock, not Kruse, who committed the additional gratuitous acts of shooting the victims. Under the instructions given by the trial court the only involvement in the shooting necessary to convict Kruse of murder and first-degree assault was participation in the robbery.
The rationale in Polk is that “an individual after perpetrating one crime, [does not] have a free ride to commit other crimes_” 679 S.W.2d at 234. That rationale does not apply here because the instructions did not require a finding that Kruse participated in any act in addition to the robbery to sustain conviction. If the instructions required Kruse’s further participation, by conspiring or otherwise assisting in the murder or assault, we would have a different case. The instruction failed to require a finding that this appellant engaged in any additional wanton conduct other than that provided by engaging in the robbery.
At the conclusion of the evidence the appellant moved for a directed verdict of acquittal as to both the murder and first-degree assault charge. Although arguably appellant’s counsel failed to sufficiently identify double jeopardy as grounds for dismissal, the Commonwealth concedes that constitutional protections against double jeopardy are jurisdictional and cannot be waived. Sherley v. Commonwealth, Ky., 558 S.W.2d 615, 618 (1977).
The double jeopardy problem in the present case is not in indictment or trial for multiple offenses from the same set of circumstances, but in conviction for one offense which, because of the instructions, forecloses the others. Appellant’s plea of guilty to the robbery offense had already been accepted before the murder and assault charge were submitted to the jury to decide. The jury could have been instructed on robbery as an alternative offense, permitting the jury to convict of robbery or to convict of murder and assault, but they were not so instructed. The fact that the same evidence was used to prove both the robbery on the one hand and the murder and assault on the other, does not in itself involve double jeopardy. But the conviction and punishment for both, rather than one or the other, where there are no additional factors to be proved, does involve double jeopardy.
The United States Supreme Court has determined that a guilty plea to lesser offenses “has none of the implications of an ‘implied acquittal’ ” to more serious charges. Ohio v. Johnson, 467 U.S. 493, -, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425, 435 (1984). The same would hold true for *199 the alternative charge of robbery in this case. Accordingly, it was proper for the defendant to be tried on all three charges. But he cannot be convicted and sentenced on all three.
As we noted in Jordan v. Commonwealth, Ky., 703 S.W.2d 870, 872 (1985; Petition for Rehearing pending):
“In Johnson, the Supreme Court tersely condensed the purpose of the prohibition against double jeopardy, stating:
‘The Double Jeopardy Clause, of course, affords a defendant three basic protections:
It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.’ ”
The Johnson court went on to say:
“While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution.” Ohio v. Johnson, supra, 467 U.S. at -, 104 S.Ct. at 2541, 81 L.Ed.2d at 434. (Emphasis added.)
Here, Kruse is protected from cumulative punishments by the third basic protection of the Double Jeopardy Clause as set out in Johnson, supra, and interpreted by us in Polk, supra, and adopted by the Kentucky statutes.
Appellant pled guilty to first-degree robbery and was sentenced by the jury to twenty years. The jury used the same evidence of his conduct, which amounted to robbery, to also convict him of murder and first-degree assault. It follows then that the convictions and sentences for murder and first-degree assault should be set aside. The conviction and sentence of twenty years imprisonment for robbery should be affirmed.