**Arvid HOWELL**

v.

**COMMONWEALTH of Kentucky.**

No. 2008–CA–000270–MR.

Court of Appeals of Kentucky.

Aug. 28, 2009.

Kathleen K. Schmidt, Jamesa Joelle Drake, Assistant Public Advocates, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Jeffrey A. Cross, Assistant Attorney General, Frankfort, KY, for appellee.

Before MOORE and WINE, Judges; HENRY,[1] Senior Judge.

## OPINION

MOORE, Judge.

Arvid Howell appeals the jury verdict and judgment of the Kenton Circuit Court convicting him for assault in the second degree. After a careful review of the record, we reverse, as the trial court was incorrect in finding, under the circumstances of this case, that second-degree assault is a lesser included offense of first-degree robbery.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Howell was an employee at SIS Industries, a company located in Northern Kentucky. While at work one night, Howell suspected that one of his co-workers had stolen his money and illegal drugs. Howell approached this individual regarding his suspicions. In response, the co-worker gave Howell some money, a cellular phone, and a jacket so that Howell could search for the missing drugs. Howell later testified that he kept the money, which he claimed he rightfully owned, and put the cellular phone and jacket on a nearby engine block. Under the apparent belief that this individual still had the drugs, Howell proceeded to kick his co-worker between the legs and in the face while wearing steel toe shoes.[2]

Howell was indicted for first-degree robbery. His indictment specifically provided:

That on or about February 17, 2007, in Kenton County, Kentucky, the Defendant committed the offense of **ROBBERY FIRST DEGREE**, a felony, when the Defendant committed a theft, during the theft he used or threatened the immediate use of physical force upon another person to accomplish the theft and the defendant caused physical injury to a person who was not a participant in the crime, in violation of [Kentucky Revised Statute (KRS)] **515.020** and against the dignity of the **COMMONWEALTH OF KENTUCKY.**

The indictment did not allege that Howell used a dangerous instrument or caused serious physical injury. However, at trial, Howell testified and admitted to kicking the victim while wearing the steel toe shoes and beating him. Near the finality of the trial, Howell's counsel, the Commonwealth, and the trial judge discussed the jury instructions. Howell's counsel initially requested instructions for fourth-degree assault, which was countered by the Com-

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. A second individual only known as "Baby Girl" assisted in attacking the victim with what appeared to be brass knuckles.

monwealth's request for an instruction for second-degree assault, based primarily on the contention that Howell's boots were a "dangerous instrument." [3,4] The court found that the second-degree assault instruction was proper because second-degree assault is a lesser included offense of robbery in the first degree.

Ultimately, the jury received instructions for first-degree robbery, second-degree robbery, second-degree assault, and fourth-degree assault. Relevant to this case are the trial court's instructions on first-degree robbery and second-degree assault:

### INSTRUCTION NO. 4

You will find the Defendant guilty of First Degree Robbery under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about February 17, 2007, and before the finding of the Indictment herein, he stole or attempted to steal personal property from [the victim];

  AND

B. That in the course of so doing, and with intent to accomplish the theft, he caused physical injury to [the victim] by kicking him.

### INSTRUCTION NO. 6

If you do not find the Defendant guilty of First Degree Robbery under Instruction No. 4, or guilty of Second Degree Robbery under Instruction 5, you will find the Defendant guilty of Second Degree Assault under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about February 17, 2007 and before the finding of the Indictment herein, he intentionally caused physical injury to [the victim] by kicking him multiple times with a steel-toe shoe, which was readily capable of producing death or other serious physical injury.

  AND

B. That in so doing, he was not privileged to act in self-protection.

The jury found Howell guilty of second-degree assault. Following the trial, Howell moved for a new trial or judgment notwithstanding the verdict. In his motion, Howell asserted that the instruction regarding second-degree assault was incorrect because his steel toe boots were not dangerous instruments. The circuit court denied his motion and a ten-year sentence of imprisonment was imposed. Howell now appeals, contending that a second-degree assault instruction was improper because it is not a lesser included offense of first-degree robbery.

### II. STANDARD OF REVIEW

▇ Generally, "alleged errors regarding jury instructions are considered

---

**3.** The trial court provided the definition of "dangerous instrument" to the jury. The court defined the phrase as "any instrument, including parts of the human body when a serious physical injury is a direct result of the use of that part of the human body, article, or substance which, under the circumstance in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious physical injury." The trial court then supplied the jury with an instruction for second-degree assault, permit-

ting the jury to find Howell guilty if he intentionally caused physical injury to the victim "by kicking him multiple times with a steel toe shoe, which was readily capable of producing death or other serious physical injury."

**4.** Although Howell originally claimed at trial that a dangerous instrument instruction was improper, he does not assert this before this Court.

questions of law that we examine under a *de novo* standard of review." *Hamilton v. CSX Transportation, Inc.*, 208 S.W.3d 272, 275 (Ky.App.2006) (citing *Reece v. Dixie Warehouse and Cartage Co.*, 188 S.W.3d 440, 449 (Ky.App.2006)). But, Howell concedes that he is asserting this claim for the first time in his appellate brief, asking this Court to review it under RCr[5] 10.26 as palpable error. Under the palpable error standard, this Court may only grant relief if it finds error and if "manifest injustice has resulted from the error." RCr 10.26. Manifest injustice exists where the defendant can show the "probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky.2006).

## III. ANALYSIS

■ Howell contends that although he was indicted on the charge of first-degree robbery, he was improperly convicted of second-degree assault. He argues that this was an error because second-degree assault is not a lesser included offense of first-degree robbery. Accordingly, Howell claims that he had to be indicted for second-degree assault for his conviction to be constitutionally valid. Under the circumstances of this case, we agree.

Because the Commonwealth charged Howell with a sole count of robbery and because there is no indication from the record that Howell waived his right to an indictment or consented to be tried by information, the trial court could only instruct the jury on assault if all of the elements of assault could be found within the offense of robbery, *i.e.*, if assault could be considered a "lesser-included offense" of robbery. To make this determination, we are required to examine KRS 505.020(2):

(2) A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a lesser kind of culpability suffices to establish its commission; or

(d) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission.

■ As a preliminary matter, while the offenses of robbery and assault have similar elements, assault is not always, as a general rule, merged into robbery as a lesser included offense because the elements of each offense may differ, and the existence of either offense may not always be established by proof of the same facts. *See Taylor v. Commonwealth*, 995 S.W.2d 355, 358–60 (Ky.1999); *Polk v. Commonwealth*, 679 S.W.2d 231, 233–34 (Ky.1984). Thus, under *Taylor* and *Polk*, if robbery requires an element of proof that assault does not, and if assault requires an element of proof that robbery does not, assault cannot be a lesser-included offense of robbery.

A person is guilty of robbery in the first degree under KRS 515.020 when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:

---

**5.** Kentucky Rule of Criminal Procedure.

(a) Causes physical injury to any person who is not a participant in the crime; or

(b) Is armed with a deadly weapon; or

(c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

Turning to the indictment, the Commonwealth charged that Howell committed the offense of first degree-robbery when he committed a theft, during the theft he used or threatened the immediate use of physical force upon another person to accomplish the theft and [Howell] caused physical injury to a person who was not a participant in the crime. . . .

As such, the Commonwealth necessarily indicted Howell under KRS 515.020(1)(a). This statute required the jury to find that Howell, in the course of committing theft, used or threatened the immediate use of physical force upon another person with intent to accomplish the theft and actually caused physical injury to a person who was not a participant in the crime. The jury instruction stated

You will find the Defendant guilty of First Degree Robbery under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about February 17, 2007, and before the finding of the Indictment herein, he stole or attempted to steal personal property from [the victim];

AND

B. That in the course of so doing, and with intent to accomplish the theft, he caused physical injury to [the victim] by kicking him.[6]

In contrast, a person is guilty of assault in the second degree under KRS 508.020 when:

(a) He intentionally causes serious physical injury to another person; or

(b) He intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument; or

(c) He wantonly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.

In this regard, the jury instruction stated:

If you do not find the Defendant guilty of First Degree Robbery under Instruction 4, or guilty of Second Degree Robbery under Instruction 5, you will find the Defendant guilty of Second Degree Assault under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about February 17, 2007 and before the finding of the indictment herein, he intentionally caused physical injury to [the victim] by kicking him multiple times with a steel-toe shoe, which was readily capable of producing death or other serious[7] physical injury.

AND

B. That in so doing, he was not privileged to act in self-protection.

As there is no indication in the indictment or either of the instructions that the physical injury involved under these circumstances was "serious," the trial court necessarily included, as a lesser-included offense of KRS 515.020(1)(a), KRS

---

**6.** The Commonwealth's jury instructions abandoned the alternative requirement of "threatening the immediate use of physical force."

**7.** Here, the term "serious" is used in the context of describing the potential for steel-toed shoes to cause such injury; it does not describe the character of any injury actually inflicted.

508.020(1)(b), *i.e.*, the trial court concluded that intentionally causing "physical injury to any person who is not a participant in the crime" is equivalent to intentionally causing "physical injury to another person by means of a deadly weapon or a dangerous instrument."

Under the circumstances of this case, the trial court erred in holding that second-degree assault is a lesser-included offense of robbery. Here, the use of a deadly weapon is an element particular only to KRS 508.020(1)(b), and is ignored entirely by the plain language of KRS 515.020(1)(a). KRS 505.020(2) cannot support the proposition that KRS 508.020(1)(b) could be a "lesser-included offense" of KRS 515.020(1)(a) because 1) the existence of the use of a deadly weapon must be established by proof of more of the facts required to establish the commission of robbery; 2) the offense of assault is not the offense of attempted robbery; and 3) because assault, under the circumstances of this case, required the completely separate element of the use of a deadly weapon; thus, it did not differ from robbery only in the respect that a lesser kind of culpability suffices to establish its commission, or in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission.

The Commonwealth argues that, even if second-degree assault is not a lesser-included offense of first-degree robbery, Howell's conviction must still stand because what occurred here was nothing more than a harmless variance between the indictment and instructions and there was ample proof that Howell committed second-degree assault. We disagree, and our reasoning is analogous to that in *O'Hara v. Commonwealth,* 781 S.W.2d 514, 515 (Ky.1989).

Howell could not have been convicted of second-degree assault by showing he caused physical injury to another person by means of a deadly weapon or a dangerous instrument because the indictment does not so charge. It charges that Howell committed robbery in the first degree by committing a theft, and in so doing, used physical force and caused physical injury. KRS 515.020(1)(a). The indictment relied upon the injury to the victim, not the possession of a deadly weapon, as the element which elevated the crime to robbery in the first degree. Furthermore, the jury was not instructed that it could find Howell guilty of first-degree robbery upon proof that in the commission of a theft Howell was armed with a deadly weapon or dangerous instrument. Instead, it was instructed that it could find Howell guilty of first-degree robbery if, and only if, (1) Howell stole or attempted to steal personal property from the victim, and (2) that in the course of so doing, and with intent to accomplish the theft, he caused physical injury to the victim by kicking the victim. The instructions required proof of the elements listed in KRS 515.020(1)(a). As reasoned above, these are not the same elements necessary for a conviction of second-degree assault under KRS 508.020(1)(b); as such, this is not a harmless variance.

Because second-degree assault is not, under the facts of this case, a lesser-included offense of robbery, the trial court's instructions resulted in an impermissible amendment of the indictment. This resulted in an erroneous conviction of an offense not charged in the original indictment. In light of this finding, the jury was instructed on and convicted Howell of an offense for which he was not indicted. But for the erroneous instruction, a different result would have been probable and manifest injustice exists as a consequence. *See Martin,* 207 S.W.3d 1, 3.

For the reasons as stated, the trial court erred in instructing the jury that second-

degree assault was a lesser-included offense of robbery under the circumstances of this case. The judgment of the Kenton Circuit Court is reversed.[8]

ALL CONCUR.

---

8. The Commonwealth argues that, in the event that this Court reverses Howell's conviction for assault in the second degree, such a ruling would not prohibit the Commonwealth from retrying Howell on a charge of second-degree assault because this ruling would be the result of trial error, and not insufficiency of the evidence. In support, the Commonwealth relies upon *Commonwealth v. Davidson*, 277 S.W.3d 232 (Ky.2009), where the Supreme Court held that

double jeopardy does not bar a retrial on the same offense when reversal is due to trial error because it does not imply the government has failed to prove its case. Instead, trial error is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, *incorrect instructions,* or prosecutorial misconduct.

*Id.* at 235 (internal citations omitted; emphasis added). Here, the error involved incorrect instructions; as such, the error was "trial error," not "insufficiency of the evidence."