RENDERED: FEBRUARY 18, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0694-MR

JOSHUA TOWE                                                         APPELLANT

|            | ON APPEAL FROM LAUREL CIRCUIT COURT |
|------------|-------------------------------------|
| V.         | HONORABLE GREGORY ALLEN LAY, JUDGE  |
|            | NO. 18-CR-00301                     |

COMMONWEALTH OF KENTUCKY                                            APPELLEE

**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**<u>AFFIRMING</u>**

A circuit court jury convicted Joshua Towe of two counts of first-degree sexual abuse and two counts of first-degree sodomy and fixed his punishment at imprisonment for life. He appeals the resulting judgment to this Court as a matter of right.[1]

Towe raises several trial errors, including that the jury instructions violated the Double Jeopardy Clause of the Kentucky and United States' Constitutions, that the Commonwealth presented insufficient evidence to sustain a conviction of first-degree sodomy, and that the Commonwealth's Attorney's improper vouching in closing argument for the reliability of the victim's testimony denied him a fair trial.

---

[1] Ky. Const. § 110(2)(b).

For reasons explained below, we find no reversible error and affirm the judgment.

## I. FACTS

The grand jury indicted Towe on three counts of first-degree sexual abuse and three counts of first-degree sodomy. The events leading to this indictment occurred while Towe lived with his girlfriend and A.H., his girlfriend's four-year old daughter. For several months, Towe watched A.H. while her mother was at work. Later, A.H. told her mother that she hated her body. A.H. explained to her mother that she felt that way because of the way that Towe had been touching her. A.H.'s mother then pressed Towe for confirmation or denial. And he stated that A.H. had seen him urinating and masturbating and that if he had done anything inappropriate with A.H. he did not remember it. A.H.'s mother contacted the police.

Detective Armstrong set up an interview for A.H. at the Child Advocacy Center ("CAC"). During her initial interview, A.H. told the interviewer the following statements: that no one had been hurting her or making her scared, that Towe had removed his shirt and pants and made her do the same, that Towe did not touch her but made her sit on his lap, something yellow and thick came out onto the floor, that this happened more than one time, that Towe would rub his "pee pee" on her "pee pee," and that sometimes she would touch Towe with her hands. In this interview, A.H. never stated Towe made her touch him with her mouth.

2

A.H.'s statements during her second interview with the CAC were inconsistent with her initial interview. She did not say that Towe made her touch him with her hands, but said she touched him with her mouth, yellow stuff came out, and Towe told her to eat it. The CAC videos of A.H.'s interviews were shown to the jury at trial.

A.H.'s trial testimony maintained that Towe made her touch his penis and that "yellow stuff came out." When she was asked if she ever put her mouth on his "privates" and yellow stuff not come out, A.H. responded in the negative. At trial, A.H. also testified that when she sat on Towe's lap she wore her underwear and sat still and "yellow stuff" would come out.

Detective Armstrong interviewed Towe after A.H.'s CAC interviews. Towe initially denied touching A.H., but later in the interview, he stated that he was high on amphetamines and that A.H. touched his penis as he masturbated in front of her and he moved her back and forth on his lap. Later in the interview, Towe admitted to having A.H. perform oral sex on him, and he may have "pre-ejaculated" in her mouth but that he did not ejaculate in her mouth. This interview was shown to the jury.

Towe testified at trial that he had falsely confessed to Detective Armstrong. He explained to the jury that he confessed under pressure, that he would have said anything to get out of the squad car, and that he did not touch A.H. inappropriately.

Before trial, the trial court dismissed three of the six original counts of sexual abuse. At the close of all the evidence, the Commonwealth dismissed

3

another count of sexual abuse and sodomy.  Towe was convicted of two counts of first-degree sexual abuse and two counts of first-degree sodomy, and he was sentenced to life imprisonment.

## II.  ANALYSIS

### A. The jury instructions did not result in a double-jeopardy violation.

Towe argues that the jury instructions for first-degree sodomy and first-degree sexual abuse did not sufficiently distinguish the criminal conduct required for a finding of guilt on each.  As such, he argues that he was convicted under both instructions for the same act in violation of the Double Jeopardy Clause.  This issue was unpreserved at trial, so we review for palpable error.[2]  We will uphold the judgment unless the error created a manifest injustice that clearly deprived Towe of a fair trial.[3]  We have held that a double-jeopardy violation results in manifest injustice, so a finding that Towe was convicted twice for the same conduct will warrant a reversal of his convictions.[4]  We review the sufficiency of jury instructions de novo.[5]

We find the jury instructions sufficiently differentiated the culpable conduct for sexual abuse and sodomy, so Towe's convictions under both did

---

[2] *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006).

[3] *Id.* at 3.

[4] *Cardine v. Commonwealth*, 283 S.W.3d 641, 652 (Ky. 2009).

[5] *Herp v. Commonwealth*, 491 S.W.3d 507, 512–13 (Ky. 2016) ("Although the decision to instruct the jury on a specific claim is committed to the trial court's discretion, the content of a jury instruction is an 'issue of law that must remain subject to de novo review by appellate courts.'"); *Carver v. Commonwealth*, 328 S.W.3d 206, 209 (Ky. App. 2010) ("Whether a trial court issued the proper jury instruction is a question of law. Our review of the matter is therefore *de novo.*") (citing *Howell v. Commonwealth,* 296 S.W.3d 430, 432–33 (Ky. App. 2009)).

4

not result in a double-jeopardy violation. The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Section 13 of the Kentucky Constitution, as well as KRS[6] 505.020, preclude multiple convictions for the same criminal act. No double-jeopardy violation occurs so long as each statute under which a defendant is charged requires at least one different element for a conviction.[7]

We held in *Mash v. Commonwealth*[8] that first-degree sexual abuse was a lesser-included offense of first-degree sodomy. The primary distinction between the two offenses, as we discussed in *Mash*, is the part of the human anatomy involved in the sexual act.[9] Sexual abuse under KRS 510.010, requires "sexual contact," or touching of the sexual or other intimate parts of the person, whereas sodomy requires "deviate sexual intercourse," which under KRS 510.070 means a sexual act involving the "sex organs of one person and the mouth or anus of another." Sufficient jury instructions for sodomy and sexual abuse charges must reflect these anatomical distinctions in the conduct required for a finding of guilt under each.

In *Johnson v. Commonwealth,* we discussed the requirements for sufficient jury instructions for the crimes of rape and sexual abuse.[10] The

---

[6] Kentucky Revised Statutes.

[7] *Blockburger v. U.S.,* 284 U.S. 299, 304 (1932); *Commonwealth v. Burge*, 947 S.W.2d 805, 811 (Ky. 1996).

[8] 376 S.W.3d 548, 559 (Ky. 2012).

[9] *Id.* at 559.

[10] 864 S.W.2d 266, 277 (Ky. 1993).

defendant was charged with rape and first-degree sexual abuse. We found error in the trial court's sexual-abuse instruction because the culpable conduct described for guilt was not sufficiently distinguished from that required for rape.[11] In describing the acts required for sexual abuse, the jury instruction used the term "sexual contact."[12] The instruction describing the acts required for rape used the term "sexual intercourse."[13] We explained that because sexual abuse was a lesser-included offense of rape, the phrases "sexual contact" and "sexual intercourse" were not sufficiently distinct to ensure the jury did not use the defendant's same conduct to support a conviction under both charges.[14] The alleged sexual intercourse could have supported a conviction under both offenses, and the defendant could have improperly been convicted twice for the same conduct. As a result, the jury instructions were held to be insufficient.

Similarly, in *Martin v. Commonwealth,*[15] the jury instructions were erroneous because they allowed for multiple acts by the defendant to support a single, general jury-verdict. We found the instructions did not account for the

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* ("The instruction, couched in general terms of 'sexual contact' without differentiating the act from those acts constituting rape and sodomy, permitted the jury to find Johnson guilty twice for the same act, e.g., intercourse constituting rape and intercourse constituting sexual contact and, therefore, sexual abuse.").

[15] 456 S.W.3d 1, 8 (Ky. 2015).

temporal distinctions in the crimes and, as a result, lacked a specific act upon which the jury could unanimously agree to convict.[16]

In *King v. Commonwealth,*[17] we discussed "multiple acts error," which is a form of the unanimous-verdict problem. This problem can arise in two ways. One way: when the jury instruction fails sufficiently to distinguish the specific act constituting each offense or gives identical instructions for each charge.[18] In the case at hand, the relevant jury instructions were sufficiently distinct to avoid this type of unanimous-verdict problem because each instruction included a different specific instance of misconduct.

The other kind of unanimous-verdict problem, a multiple-acts error, as in *Martin,* arises when "a single jury instruction, based on evidence of two or more separate instances of criminal conduct, authorizes the jury to convict the defendant of only one crime."[19] The issue with a multiple-acts error is that a jury may convict the defendant, but because more than one act by the defendant could have supported a conviction, it is impossible to tell which criminal act all twelve jurors agreed upon to convict. In *King,* we stated that this type of error can be avoided in three ways: "(1) the jury instruction can simply identify which of the particular criminal acts included in the evidence the jury is asked to consider; (2) the verdict form can identify the particular act

---

[16] *Id.*

[17] 554 S.W.3d 343 (Ky. 2018).

[18] *Id.* at 351.

[19] *Id.* at 351–52.

upon which the jury determined guilt; or (3) a special instruction, as held by some courts, can begin informing the jury that, in order to convict, all twelve jurors must agree that the defendant committed the same act."[20]

Towe argues that the jury instructions are of the second type, resulting in multiple-acts error in violation of double-jeopardy. Jury Instruction 1 for first-degree sexual abuse allowed a finding of guilt for having A.H. touch his penis. Jury Instruction 2 for first-degree sexual abuse allowed for a finding of guilt if the jury found Towe made A.H. rock back and forth on his lap. Jury Instruction 3 for first-degree sodomy allowed for guilt if the jury found Towe committed deviate sexual intercourse when A.H. placed his penis in her mouth and ejaculated. Jury Instruction 4 for first-degree sodomy allowed for guilt if the jury found that Towe engaged in deviate sexual intercourse if A.H. put his penis in her mouth but did not ejaculate. Towe argues that Instructions 1 and 4 allowed him to be convicted twice for the same conduct, A. H. touching him with her mouth.

Contrary to Towe's argument, we find the instructions to have sufficiently differentiated the culpable conduct required for a conviction of first-degree sexual abuse and first-degree sodomy. The first-degree sexual abuse jury instruction read:

> You will find the defendant guilty of First-Degree Sexual Abuse under
> this Instruction if, and only if, you believe from the evidence beyond a
> reasonable doubt all of the following:

---

[20] *Id.* at 353.

8

A. That in this county on or about May . . . he subjected [A.H.] to sexual contact on one occasion in the living room of the mobile home *by having her touch his penis*; AND

B. That at the time of such contact, [A.H.] was less than 12 years of age.[21]

The two first-degree sodomy jury instructions read:

You will find the defendant' guilty of First-Degree Sodomy under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about May . . . he engaged in deviate sexual intercourse on one such occasion with [A.H.] in the living room of the mobile *home by placing his penis inside her mouth on the occasion when he did not ejaculate in her mouth*; AND

B. That at the time of such intercourse, [A.H.] was less than twelve years of age.[22]

and

You will find the defendant' guilty of First-Degree Sodomy under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about May . . . he engaged in deviate sexual intercourse on one such occasion with [A.H.] in the living room of the mobile *home by placing his penis inside her mouth on the occasion when he did ejaculate in her mouth*; AND

B. That at the time of such intercourse, [A.H.] was less than twelve years of age.[23]

The differences within the sexual-abuse instruction and the first-degree sodomy instructions sufficiently describe the illegal conduct required for a conviction. As mentioned, the distinguishing factor between first-degree sexual abuse and sodomy is the part of the body the victim used to touch the

---

[21] (emphasis added).

[22] (emphasis added).

[23] (emphasis added).

defendant.[24]  The sexual-abuse instruction did not state with which body part the jury must find that A.H. touched Towe for Towe to be guilty of sexual abuse, but the sodomy instruction explicitly required the jury to find the victim placed his penis in her mouth.  Therefore, a "touch" with any body part could suffice for conviction under Instruction 1, but only the act of A.H. placing Towe's penis inside her mouth could suffice for conviction under Instruction 4.  So Towe could have been convicted of sexual abuse under Instruction 1 for A.H. merely touching his penis with her mouth, or any other body part, but he could not be convicted of sodomy under Instruction 4 for any conduct other than the victim placing his penis inside her mouth.

Towe relies on *Martin* to support his claim that a double-jeopardy violation occurred here, but we disagree.  Unlike in *Martin*, here the different, specific acts required for guilt in Jury Instructions 1 and 4 prevented multiple-acts error from occurring.  The sexual-abuse instruction did not require the jury to find A.H. touched Towe with a certain body part, such as the victim's hands, but the specificity of the sodomy instruction described a very specific act of A.H. placing Towe's penis in her mouth.  It is true that under the sexual-abuse instruction, the jury could find that A.H. touched Towe with her mouth and use that same act to sustain a conviction for sexual abuse.  But that same act could not be used under Instruction 4 because the jury had to

---

[24] *Mash,* S.W.3d 548 at 559.

find that an even more specific act occurred, which required more than touching.

A sexual-abuse instruction that explicitly described the body part used to touch the defendant could have made review of this issue clearer, but we are unwilling to say this lack of specificity resulted in Towe's being convicted twice for the same conduct. Unlike the very undifferentiating and general language used in *Johnson,* the difference in the instructions here was enough for the jury to conclude that if the victim touched Towe, in any way except for her placing his penis into her mouth, he was guilty of sexual abuse.

The trial evidence supported that A.H. and Towe had several encounters and each involved separate forms of conduct, as described by both the victim and by Towe himself. And the jury instructions adequately reflected the separate instances of alleged misconduct. Because the jury instructions sufficiently described the distinctions among all four offenses appearing from the evidence, no double-jeopardy violation occurred. We affirm Towe's convictions, finding no palpable error in the jury instructions.

**B. There was sufficient evidence for the jury to convict Towe of two counts of first-degree sodomy.**

This issue was properly preserved by Towe's motion for a directed verdict. Therefore, we will uphold the trial court's ruling unless after reviewing all the evidence it would be clearly unreasonable for a jury to find guilt.[25] Even a scintilla of evidence indicating guilt is enough for a trial court to properly

---

[25] *Commonwealth v. Benham,* 816 S.W.2d 186, 187 (Ky. 1991).

11

deny a directed verdict of acquittal.[26]  Towe argues there was insufficient

evidence for the jury to find him guilty of two counts of first-degree sodomy.

The relevant jury instructions read:

You will find the defendant' guilty of First-Degree Sodomy under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
    A. That in this county on or about May . . . he engaged in deviate sexual intercourse on one such occasion with [A.H.] in the living room of the mobile home *by placing his penis inside her mouth on the occasion when he did ejaculate in her mouth*; AND
    B. That at the time of such intercourse, [A.H.] was less than twelve years of age.[27]

You will find the defendant' guilty of First-Degree Sodomy under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
    A. That in this county on or about May . . . he engaged in deviate sexual intercourse on one such occasion with [A.H.] in the living room of the mobile home *by placing his penis inside her mouth on the occasion when he did not ejaculate in her mouth*; AND
    B.  That at the time of such intercourse, [A.H.] was less than twelve years of age.[28]

The jury convicted Towe of both counts of first degree sodomy.  In

Kentucky, a defendant is guilty under KRS 51.070 of sodomy in the first-degree

when,

He engages in deviate sexual intercourse with another person by forcible compulsion; or (b) He engages in deviate sexual intercourse with another person who is incapable of consent because he: 1. Is physically helpless; or 2. Is less than twelve (12) years old.

---

[26] *Commonwealth v. Sawhill*, 660 S.W.2d 3, 5 (Ky. 1983).

[27] (emphasis added).

[28] (emphasis added).

12

Towe claims there was insufficient evidence at trial that he made A.H. perform oral sex on him. We disagree and uphold the trial court's denial of his motion for a directed verdict.

The Commonwealth presented sufficient evidence for a reasonable jury to find Towe guilty of two counts of first-degree sodomy. The relevant evidence includes A.H.'s two interviews with the CAC, her trial testimony, and Towe's interview with police and his trial testimony. In his own interview with Detective Armstrong, Towe admitted to having oral sex with A.H. multiple times and that he may have "pre-ejaculated in her mouth" but adamantly denied ever ejaculating her mouth. A.H.'s trial testimony and interviews were inconsistent with this assertion. In her initial interview, she told the CAC that she never touched Towe with her mouth, but later said she did. At trial, when she was asked if she ever touched Towe with her mouth and "yellow stuff not come out," she responded no. While the evidence is inconsistent, the Commonwealth presented enough evidence to allow a reasonable jury to conclude that A.H. performed oral sex on Towe more than once and that at least once he ejaculated in her mouth.

### C. Towe was not deprived a fair trial by the Commonwealth's Attorney's vouching during closing argument for A.H.'s truthfulness.

Towe alleges he was deprived a fair trial because the Commonwealth's Attorney in closing the case improperly vouched for A.H.'s testimony. This issue was unpreserved at trial, but because prosecutorial misconduct can deprive the defendant of a fair trial, we will review for palpable error and will uphold Towe's convictions unless he suffered manifest injustice because of the

13

prosecutor's comments.[29]  In our review of the prosecutor's closing argument, we find one statement to be error, but it does not rise to the level of manifest injustice.

The allegedly improper comments by the Commonwealth's Attorney are as follows:

> So, let's just look at what we have.  We have A.H.'s statements and we have the defendant's statements.  What you have heard today.  What you have heard in the past.  You saw [A.H.].  She came in and sat and sat on a booster seat and testified.  You all got to see her.  You all got to see if there was any deception in that child.  **I will tell you I believe**.  Of course I've got prejudice (inaudible). I am the prosecutor.  **I believe that little girl did her best**.  A six-year old child coming to testify about something that happened when she was four.  To talk about people she's never, to talk to people she's never seen before.  **And to tell the truth**. And what did she tell you? She said the defendant made her touch his penis.[30]

A prosecutor may not personally vouch for the credibility of a witness.[31]  Improper vouching occurs when the prosecutor inserts the prosecutor's own personal belief to shore up the credibility of a witness.[32]  But a prosecutor may rebut any attack on the credibility of a witness made in the defense's closing arguments.

---

[29] *Lewis v. Commonwealth*, 475 S.W.3d 26, 37 (Ky. 2015).

[30] (emphasis added).

[31] *See United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999).

[32] *Hall v. Commonwealth*, 551 S.W.3d 7 (Ky. 2018) ("Improper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the [prosecutor's office] behind that witness.").

We reverse for unpreserved issues of prosecutorial misconduct in the form of vouching, such as alleged here, but only if they are flagrant.[33] In deciding if the improper statements are flagrant enough to require reversal, we consider if they tend to mislead the jury, cause prejudice to the accused, are isolated or extensive, deliberately or accidentally placed before the jury, and the strength of the evidence against the accused.[34]

We find error in one statement by the prosecutor. The defense's closing argument centered primarily on the inconsistencies in A.H.'s testimony. Most of the Commonwealth's comments were proper as they rebutted the defense's attack on A.H.'s credibility. In *Hall v. Commonwealth*,[35] we stated "generally, improper vouching involves either blunt comments, such as, 'I think [the witness] was candid. I think he is honest,' or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony.'" Here, the Commonwealth's statement, "I will tell you I believe," was improper because it explicitly vouched for A.H.'s truthfulness.

We find, though, this comment did not deprive Towe of a fair trial. In *Hall*, we found the statements not to be flagrant when they prejudiced the defendant and were deliberately made but were isolated and made considering

---

[33] *Lewis*, 475 S.W.3d 37.

[34] *Hall*, 551 S.W.3d 7 at 17–18.

[35] *Id.* at 18.

15

overwhelming evidence against the accused.[36]  We found the overall fairness of the trial to be uninterrupted as "this one comment cannot be said to have undermined the overall fairness of the proceedings."[37]

At Towe's trial, the Commonwealth's Attorney improperly interjected his own personal faith in the truthfulness of A.H.'s testimony.  But this vouching likely had little to no effect on the outcome of his proceeding.  The improper statement was uttered once in closing argument and followed the defense's attacks on A.H.'s credibility.  Additionally, the Commonwealth's Attorney downplayed somewhat the weight to be ascribed to his personal confidence in A.H.'s truthfulness by confessing to the jury his own prosecutorial bias.  Further, this statement was made considering Towe's own statements to police, essentially admitting to several of the charges against him.  This Court does not find the improper vouching to be flagrant prosecutorial misconduct because the comment was an isolated utterance that likely had no bearing on the outcome of the trial.  We find no manifest injustice here.

### III.  CONCLUSION

For the reasons stated, we affirm the judgment.

All sitting.  All concur.

---

[36] *Id*. at 19.

[37] *Id*.

16

COUNSEL FOR APPELLANT:

Shannon Renee Dupree
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General